Kelly H. Dove, Esq.
Nevada Bar No. 10569
Jennifer L. McBee, Esq.
Nevada Bar No. 9110
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone:   (702) 784-5200
Facsimile:   (702) 784-5252
kdove@swlaw.com
jmcbee@swlaw.com
*Attorneys for Defendant Nationstar Mortgage LLC
dba Mr. Cooper*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID MARTINEZ AND BRAD PADALECKI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC *dba* MR. COOPER,<br><br>Defendant. | Case No. 2:23-cv-02043<br><br>**NOTICE OF REMOVAL ON CONSENT** |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Nationstar Mortgage LLC *dba* Mr. Cooper ("Mr. Cooper") hereby files this Notice of Removal and thereby removes to this Court an action that is pending in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-23-881226-C. Removal is proper because this Court has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs consent to removal. In support of this Notice of Removal, Defendant state as follows:

### The State Court Class Action[1]

1.      A putative class action was commenced on November 8, 2023, in the Eighth Judicial District Court of Clark County, Nevada, captioned *David Martinez and Brad Padalecki, individually and on behalf of all others similarly situated v. Nationstar Mortgage LLC dba Mr. Cooper* Case No. A-23-881226-C, (the "State Court Class Action").   A copy of all the pleadings filed to date in the State Court Class Action is attached as Exhibit 1.

2.      In the State Court Class Action, Plaintiffs David Martinez and Brad Padalecki ("Plaintiffs"), residents of Nevada, allege in their Class Action Complaint (the "Complaint") that Mr. Cooper experienced a data incident on October 31, 2023, at the hands of "criminals," which resulted in the unauthorized access of their private information.   Compl. ¶¶ 24-27.

3.      Based upon the allegations in the Complaint, Plaintiffs assert claims for negligence, invasion of privacy by public disclosure of private facts and intrusion upon seclusion, breach of contract, and breach of implied contract on behalf of themselves and as the representatives of a putative class. *Id.* ¶¶ 51-86.

4.      Plaintiffs seek class certification, and numerous types of relief and damages, including: compensatory damages, restitution, damages for unjust enrichment, disgorgement, nominal damages and statutory damages, declaratory and injunctive relief, attorney fees, costs, and interest, and for "such other and further relief as this Court deems just and proper." *Id.* ¶¶ 49, 72, 87.

5.      Plaintiffs purport to bring their State Court Class Action on behalf of themselves and "[a]ll persons whose personally identifiable information . . .  were obtained by an unauthorized individual or individuals from Defendant during the October 31, 2023, data breach."  *Id.*  ¶ 40. Plaintiffs allege that "[t]he putative Class is comprised of thousands of persons." *Id.* ¶ 42.

6.      Plaintiffs served Mr. Cooper on November 16, 2023.  Pursuant to 28 U.S.C. § 1446(a), copies of the proof of service of process in Nevada State Court action No. A-23-881226-C are attached to this Notice of Removal as part of Exhibit 2.

---

[1] The following allegations come from Plaintiffs' Complaint, and are referenced here for the convenience of the Court.  Mr. Cooper does not concede that any of Plaintiffs' allegations are true at this time.

- 2 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

7.    As of the date and time of filing of this Notice of Removal, no motion is pending, no hearings have been set, and trial has not been scheduled in the State Court Class Action.  In the State Court Class Action, Mr. Cooper's deadline to answer, move against, or otherwise respond to the Complaint is February 5, 2024.

**Venue**

8.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 124(b), 1441(a), & 1446(a), because Eighth Judicial District Court of Clark County, Nevada, where the State Court Class Action was filed and has been pending prior to removal, is a state court within this federal district and division.

**Jurisdiction**

9.    Subject matter jurisdiction is appropriate in this Court because the Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. §§ 1332(d), 1453, & 1711-15.

10.    CAFA confers upon the federal courts original subject matter jurisdiction over, and thus makes removable, any class action in which: (i) there is minimal diversity (*i.e.*, any member of the proposed plaintiff class is a citizen of a different state than any defendant); (ii) the aggregate number of putative class members in the proposed class is at least 100; and (iii) the amount in controversy exceeds $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2) & (d)(5)(B).

**1.    CAFA Diversity Exists.**

11.    Under CAFA, diversity of citizenship is satisfied when "any member of a class of Plaintiffs is a citizen of a State different from any Defendant." 28 U.S.C. § 1332(d)(2)(A).

12.    The named Plaintiff David Martinez is domiciled in the State of Nevada and is therefore a citizen of that state.  Compl. ¶ 10.

13.    The named Plaintiff Brad Padalecki is domiciled in the State of Nevada and is therefore a citizen of that state. *Id.* ¶ 11.

14.    Defendant Mr. Cooper is a Delaware limited liability company. *Id.* ¶ 15. Pursuant to 28 U.S.C. § 1332(c)(1), Mr. Cooper is therefore a citizen of the State of Delaware for diversity jurisdiction purposes.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

15.    Because Plaintiffs are citizens of Nevada and Mr. Cooper is a citizen of Delaware and Texas, at least one putative class member is a citizen of a state different from a Defendant. Thus, the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A) are satisfied for purposes of removal under CAFA.

**2.    The Proposed Class Consists Of More Than 100 Persons**.

16.    Plaintiffs allege that "[t]he putative class is comprised of thousands of persons" who may have been affected by the alleged data breach. Compl. ¶ 42. Thus, the putative class consists of at least 100 members[2] and is subject to removal to this Court under CAFA.

**3.    The Amount In Controversy For CAFA Jurisdiction Exceeds $5,000,000.**

17.    CAFA provides that the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Federal jurisdiction is appropriate under CAFA if, in the aggregate, "the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. §1332(d)(6). Where a defendant claims CAFA jurisdiction and the complaint does not specify the numerical value of damages sought, "the defendant ordinarily may satisfy the amount-in-controversy requirement by making a plausible assertion of the amount at issue in its notice of removal" for the limited purpose of removal. *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023)

18.    It is well settled that in determining the amount in controversy for removal purposes, the Court may consider compensatory damages, attorney's fees, and exemplary or punitive damages. *See, e.g.*, *Greene v. Harley-Davidson, Inc*., 965 F.3d 767, 773 (9th Cir. 2020) ("a defendant that relies on potential punitive damages to satisfy the amount in controversy under CAFA meets that requirement if it shows that the proffered punitive/compensatory damages ratio is reasonably possible"); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("the district court's conclusion that, as a matter of law, the amount in controversy included only the $150,000 in attorneys' fees incurred up to the time of removal and could not

---

[2] Defendant disputes, and reserves the right to contest at the appropriate time, Plaintiffs' allegations that this case can properly be certified and proceed as a class action.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1  include any future fees, was incorrect"); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th

2  Cir. 2019) (vacating order remanding action to state court and remanding for court to consider

3  compensatory damages and attorneys' fees in amount in controversy); *Moe*, 73 F.4th 757 at 760

4  (remanding to district court to consider whether amount in controversy requirement satisfied

5  where complaint alleges "general and special damages, and punitive damages").

6      19.    In addition, under controlling Supreme Court law, "a defendant's notice of removal

7  need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

8  threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547,

9  554, 190 L. Ed. 2d 495 (2014).  Indeed, "[e]vidence establishing the amount is required" only when

10  the amount is contested. *Id.*

11      20.    Here, consistent with these principles, the amount in controversy alleged exceeds

12  $5,000,000 for all putative class members.   Although Defendant denies that it is liable to Plaintiffs

13  at all for any relief, given the Complaint alleges that for "thousands" of persons (Compl. ¶ 42),

14  third parties used their personal information for "unlawful purposes, including the commission of

15  direct theft and identity theft" (Compl. ¶ 54) and, accordingly, requests compensation related to the

16  alleged "direct theft, identity theft, expenses for credit monitoring and identity theft herein,

17  insurance incurred in mitigation, out-of-pocket expenses, anxiety, emotional distress, loss of

18  privacy, and other economic and non-economic harm" (Compl. ¶ 56), Plaintiffs have put more than

19  $5,000,000 in controversy.

20              **The CAFA Exceptions Do Not Apply.**

21      21.    Further, while 28 U.S.C. § 1332(d)(3) and (4) recognize situations where this Court

22  may or must decline jurisdiction despite the fact that minimal diversity jurisdiction and the amount

23  in controversy requirements of § 1332(d)(2) are satisfied, Plaintiffs shoulder the burden of

24  establishing that any of these exceptions apply, and cannot meet this burden in the present case; nor

25  do Plaintiffs intend to try as they consent to this Notice.  *Serrano v. 180 Connect, Inc.*, 478 F.3d

26  1018, 1024 (9th Cir. 2007) ("once federal jurisdiction has been established under that provision,

27  the objecting party bears the burden of proof as to the applicability of any express statutory

28  exception under §§ 1332(d)(4)(A) and (B)").

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

**Timely Removal**

22.　　This Notice of Removal is filed by Defendant within thirty (30) days of service of process on the Defendant.  Removal is thus timely under 28 U.S.C. § 1446(b).

**Process and Pleadings**

23.　　Pursuant to and in compliance with 28 U.S.C. § 1446(a), Defendant attached all of the required documents, including all executed process in the case (Exhibit 2); all pleadings in the State Court Class Action (Exhibit 1); and any orders in the State Court Class Action.[3]

**Service**

24.　　A copy of this Notice of Removal is being served contemporaneously on Plaintiffs' counsel and is being filed simultaneously with the Clerk of the Eighth Judicial District Court, Clark County, Nevada.

25.　　By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it and reserves all such defenses.  If any question arises as to the propriety of the removal of the State Court Class Action to this Court, Defendant seeks to present both a brief and oral argument in support of its position that this case has been properly removed.

**Conclusion**

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant hereby removes this action from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada.

DATED:  December 11, 2023.　　　　　　　　　SNELL & WILMER L.L.P.


　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kelly H. Dove*
　　　　　　　　　　　　　　　　　　　　　　　Kelly H. Dove, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 10569
　　　　　　　　　　　　　　　　　　　　　　　Jennifer L. McBee, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 9110
　　　　　　　　　　　　　　　　　　　　　　　3883 Howard Hughes Parkway, Suite 1100
　　　　　　　　　　　　　　　　　　　　　　　Las Vegas, Nevada 89169
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant Nationstar Mortgage*
　　　　　　　　　　　　　　　　　　　　　　　*LLC dba Mr. Cooper*

[3] There have been no Orders entered in the State Court Class Action.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, I electronically filed the foregoing NOTICE OF REMOVAL ON CONSENT with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 11th day of December 2023.

*/s/ Maricris Williams*
An Employee of Snell & Wilmer L.L.P.

**INDEX OF EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Complaint | 19 |
| 2 | Proof of Service | 2 |

4891-5380-7766

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200